FILED
JAN 10 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| CONRAD SCHILLING, | ) | CV 11-28-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE FERRITER, DR. PIRANIAN, CHELSEE JAHNER, SHELLY MODERIE, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Conrad Schilling filed a Complaint in this matter on June 9, 2011. Dkt # 2. United States Magistrate Judge Keith Strong determined the Complaint alleged due process violations and violations of the Eighth Amendment right to receive adequate medical care while in prison. He also determined that the allegation of additional facts could cure some of the Complaint's defects and granted Mr. Schilling leave to file an amended complaint. Dkt # 4. Mr. Schilling filed an Amended Complaint on September 13, 2011. Dkt # 10. Judge Strong subsequently entered Findings and Recommendations, recommending Mr.

Schilling's Amended Complaint be dismissed for failure to state a claim upon which relief can be granted. Dkt # 13. Mr. Schilling filed objections, dkt # 14, and is therefore entitled to de novo review of the findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Because the parties are familiar with the factual and procedural background, it will not be restated here except as necessary to explain the Court's decision.

### A.

Mr. Schilling does not raise specific objections. Generally, he argues he has presented facts that show Defendants violated his rights. He emphasizes that any insufficiency in his pleading should be attributed to his 8th-grade education and his lack of schooling or experience in legal analysis and argument. He also claims that prisoners in his unit do not have access to a librarian or legal books and he has no legal advisor. Dkt # 14.

As explained in Judge Strong's August 3, 2011 Order, Mr. Schilling has not demonstrated the "exceptional circumstances" necessary for the Court to request counsel to represent him. 28 U.S.C. § 1915(e)(1); dkt # 9, 2–4. But courts are required to construe pro se pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers")(internal quotations and citations omitted). Courts

grant even greater leeway to pro se prisoners, in part because of the issues Mr. Schilling complains of—for example, his "choice of self-representation is less than voluntary" and his access to legal materials is limited. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010)(quoting Jacobsen v. Filler, 790 F.2d 1362 (9th Cir.1986)). However, "the petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor." Porter v. Ollison, 620 F.3d 952, 958 (2010). Additionally, a court may not supply essential elements that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Mr. Schilling does not point to any example of Judge Strong failing to liberally construe his allegations, and the Court finds none. Judge Strong clearly described the essential elements of a due process claim and a claim for inadequate medical care in his July 25, 2011 Order. In his Findings and Recommendations, he considered facts alleged in the Amended Complaint as well as the original Complaint to construct the most complete picture possible of Mr. Schilling's experiences. However, Mr. Schilling failed to allege essential elements, and the Court is not permitted to supply them.

1. Medical Claims

Mr. Schilling alleges he should not have been placed in the disciplinary

segregation unit when he was returned to the prison after undergoing surgery on his throat. He alleges the placement was contrary to the advice of his surgeon, access to medical staff was limited, no hygiene items were allowed, the cells are "filthy," and the audio monitoring, through which a prisoner can notify prison staff if he needs medical assistance, is "defective and and often ignored." Dkt # 10, 18. However, Mr. Schilling fails to allege these circumstances caused him additional harm. An allegation of deliberate indifference requires both "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Mr. Schilling only alleges harms caused by the surgery itself. Dkt # 10, 18–19.

After the surgery on his throat, Mr. Schilling continued to experience discomfort, tics, and cramps in his head and neck, but his requests for physical therapy were denied. Director Ferriter determined, at the conclusion of a grievance procedure, that medical procedures had been followed and further medical care was unnecessary. Dkt # 10, 21. Mr. Schilling has not shown that physical therapy was necessary or that Mr. Ferriter knew of and disregarded facts indicating a risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir. 2003). A difference of opinion between medical professionals and the prisoner concerning the

appropriate course of treatment does not amount to malpractice or deliberate indifference. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Mr. Schilling has not shown that Director Ferriter ignored or failed to consider the opinions of medical providers.

Mr. Schilling also fails to allege facts amounting to deliberate indifference in his claims that the prison provided inadequate medical care when he dislocated his shoulder. Mere delay and medical negligence are insufficient. Estelle v. Gamble, 429 U.S. 97, 106 (1976)(negligence); Shapley v. Nev. Bd. of State Prison Commrs., 766 F.2d 404, 407 (9th Cir. 1985)(delay). Mr. Schilling was injured at 6:00 p.m. He was not allowed to see a nurse until 8:30 p.m., when a nurse did rounds. At that time, the nurse told him she would try to get him down to the infirmary. He was seen in the infirmary at 9:45 p.m.. Two nurses, Defendants Jahner and Moderie, attempted to examine him. He told them he was unable to follow their instructions to let go of his arm or rotate it. They then asked him a series of questions and determined he had a muscle cramp. They provided Mr. Schilling 16 Ibuprofen, told him that he could see the doctor the next day if he was still in pain, and returned him to lock-down. The next day, it was determined Mr. Schilling had actually dislocated his arm, and he was taken to the hospital. Dkt # 10, 7–8, 12.

These allegations show that prison officials did not ignore Mr. Schilling's requests for medical treatment or deny him care. He received medical attention and his condition was assessed. He was given pain relievers. Even if the nurses misdiagnosed his condition, and even if the misdiagnosis amounted to negligence, that is insufficient to establish deliberate indifference. Estelle, 429 U.S. at 106. An "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" Id. at 105–06. And though other options may have been pursued, a difference of opinion about the appropriate assessment or treatment does not give rise to an Eighth Amendment claim. Id. at 107 (finding that a doctor's decisions not to order x-rays and to treat a lower back injury with bed rest, muscle relaxants, pain relievers were within the scope of his medical judgment). Additionally, Mr. Schilling failed to allege that the delays between his visits with medical personnel caused him additional harm.

Thus, the Court agrees with Judge Strong's finding that Mr. Schilling has failed to allege an Eighth Amendment claims upon which relief can be granted.

2. Due process claims

To establish a due process claim, a plaintiff must show he has a protected liberty interest and was deprived of that interest without adequate due process.

The prison's action must impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)(quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Three factors are considered: "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." Ramirez, 334 F.3d at 861 (quoting Sandin, 515 U.S. at 486–87).

Mr. Schilling has not shown any liberty interest was implicated when he was placed in disciplinary segregation after his throat surgery, placed in "the hole" after his first visit to the infirmary for his shoulder, or received a "write-up" that affected his "clear conduct" for his behavior when Nurses Moderie and Jahner assessed his shoulder. He has not indicated that the discipline was not an ordinary incident of prison life or that the degree or duration of the discipline was excessive, and he has not instructed the court how the discipline will affect the time he serves. He has not established a prima facie case for a due process violation.

C.

Mr. Schilling raises two final objections. First, he states Judge Strong's recommendation is based on "typos." However, he does not explain this argument and it is unclear to what he is referring. Second, he mentions that news stories concerning allegations of medical negligence and indifference at the Montana State Prison show that "it['s] happening and it does not end there." Dkt # 14. The Court can only consider the facts alleged by Mr. Schilling that are relevant to his own case.

Accordingly, though aware of the challenges Mr. Schilling faces as a pro se prisoner-plaintiff, the Court agrees with the reasoning and conclusions of Judge Strong.

IT IS HEREBY ORDERED:

1. Judge Strong's Findings and Recommendation (dkt #13) are adopted in full.

2. This matter is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants. Fed. R. Civ. P. 58.

3. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Schilling's failure to state a claim.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Schilling's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the Amended Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 10 day of January, 2012.

Donald W. Molloy, District Judge
United States District Court